# Geo. Lyon to use of Gustavus Conklin *v.* J. C. Cleveland and Florence A. Cleveland, Appellants.

[Marked to be reported.

· *Judgment—Revival of judgment—Conveyance of land subject to judgment.*

Where a judgment creditor revives the lien of his judgment by an amicable scire facias, and about a year afterwards discovers that the owner of the land had secretly conveyed it to his wife, the judgment creditor need take no steps to protect his lien until the appropriate time to revive it, when he may issue a sci. fa. to revive, with notice to the defendant's wife as terre tenant, and base the proceedings upon the previous revival.

If the judgment creditor immediately after the discovery of the secret conveyance, and four years before it is necessary to revive the revived judgment, issues a scire facias to revive the original judgment, his action will not be construed as an abandonment of the lien obtained by the amicable revival, but a judgment on the new writ cannot be sustained.

Argued March 18, 1895.  Appeal, No. 34, July T., 1894, by defendants, from judgment of C. P. Bradford Co., May T., 1892, No. 728, on verdict for plaintiff.  Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and FELL, JJ.  Reversed.

Scire facias to revive judgment No. 406, Dec. T., 1886. Before PECK, P. J.

The facts appear by the report of the next preceding case.

At the trial plaintiff offered in evidence appearance docket entry in No. 661, May T., 1891.

Defendants' counsel : " We object to this on the ground that the present scire facias is not a continuance of this scire facias ; that it is not an alias but an original, and is in no way connected with this scire facias, and therefore this is irrelevant and immaterial."

Mr. Ingham : " This is offered for the purpose of showing that the lien has been continued.  Objection overruled, exception and bill sealed." [1]

The court refused to sustain the defendants' exception to the offer in evidence of writ of scire facias, Gustavus Conklin's use v. J. C. Cleveland and Florence A. Cleveland, terre tenant, being the sci. fa. in this case. [2]

The court charged in part as follows:

" [Under our view of the law, as we have instructed you, the plaintiff would be entitled to the balance due upon this judgment, which has been computed to be $2,185, and we instruct you to render a verdict in favor of the plaintiff for that amount.] " [4]

Verdict and judgment for plaintiff.    Defendant appealed.

*Errors assigned* were, (1, 2) rulings on evidence, quoting the bill of exceptions; (4) portion of charge as above, quoting it.

*Edward Overton,* for appellants.—A judgment regularly revived by scire facias is not void, even if the original judgment is void: Duff v. Wynkoop, 74 Pa. 300.

As a judgment is the end of the law in settling controversies, there is no reason why one of revival on agreement of the parties shall not be as conclusive as one taken on a writ of scire facias, unless impeached for fraud: Lamb's App., 89 Pa. 407.

A scire facias is the equivalent of an action of debt.    It has with us all the qualities of an action.    A use plaintiff cannot split the judgment on the line of his own interest: Hopkins v. Stockdale, 117 Pa. 365.

A prior recovery of a final judgment in other proceedings is a bar to the recovery of a judgment in attachment whether a bond be filed or not: Miller v. Roher, 127 Pa. 384; Baxley v. Linah, 16 Pa. 241; O'Neal v. O'Neal, 4 W. & S. 130; Walton's App., 153 Pa. 99.

Each successive writ of scire facias to revive a judgment must be founded upon the judgment which immediately preceded it.    A recovery upon a writ of scire facias is a bar to any subsequent recovery upon the original judgment: Collingwood v. Carson, 2 W. & S. 220; Custer v. Detterer, 3 W. & S. 28; Wetmore v. Wetmore, 155 Pa. 507; Sayer v. Shrœder, 2 Penny. 79.

*J. C. Ingham, D'A. Overton* with him, for appellee.—The rule deducible from all the cases would seem to be that, if the judgment is regularly revived against the defendant, and the plaintiff has no knowledge, actual or constructive, of any terre tenant, then the lien of the original judgment is continued and

preserved against the land in the hands of the terre tenant: Buck's App., 100 Pa. 109 ; Meinweiser v. Hains, 110 Pa. 468 ; Hughes v. Torrence, 111 Pa. 611.

And while the lien is so preserved a scire facias may issue on the original judgment to revive it against the terre tenant: Freeman v. Phelps, 15 Pa. 36 ; Porter v. Hitchcock, 98 Pa. 625.

We can find neither principle nor precedent for the contention that an amicable scire facias is not just as efficacious to preserve the lien in such a case as a writ of scire facias sued out : Fish's Troubat & Haly's Practice, vol. 2, p. 540 ; Armstrong's App., 5 W. & S. 555 ; Porter v. Hitchcock, 98 Pa. 625.

It is the original judgment that is to be revived against the terre tenant: Fursht v. Overdeer, 3 W. & S. 470 ; Little v. Smyser, 10 Pa. 381.

The judgment on the amicable scire facias in this case could not be revived against the terre tenant, as she was not a party to it : Davidson v. Thornton, 7 Pa. 133 ; Wetmore v. Wetmore, 155 Pa. 507.

OPINION BY MR. JUSTICE WILLIAMS, October 7, 1895 :

This case arises upon the same facts considered in Conklin v. J. C. Cleveland, ante, p. 611, in which case an opinion has just been filed.    The judgment now appealed from is that which was rendered by the court below upon the trial on the writ of scire facias issued in 1892, to revive the judgment of 1886 against J. C. Cleveland, defendant, and Florence A. Cleveland, his wife, as terre tenant.    The reasons for holding this judgment to be erroneous are stated with sufficient fullness in the opinion just referred to, and we shall do no more at this time than to refer to it as sustaining the judgment now to be entered in this case.

The judgment is reversed.